Bykman J.
It is the claim of the plaintiff in this action that she purchased of the defendants a stock of patterns, for which she paid them $500, under an agreement that she should become their agent for the sale of patterns, from which she should be relieved on notice from her: She
further claims that the defendants agreed to reheve her from the agency by receiving from her all unsold patterns, and refunding to her all the money paid by her therefor. Then she states further that at the end of one year she notified the defendants of her desire to discontinue the agency, and that they assented to her request, and agreed to receive back the patterns then in her hands unsold and refund to her the fnoney paid to them therefor, and this action was brought for its recovery.
On the trial she testified to these facts substantially, and introduced other testimony in corroboration.
The defendants introduced testimony in positive denial of the plaintiff’s proof, but the j ury gave the plaintiff a verdict.
The defendants have appealed from the judgment, but an appellate court can administer no relief. The questions of fact were sharply controverted, and the jury has certified to the truth of the plaintiff’s statement. That being so, the case is plain, and the verdict and judgment must remain undisturbed.
There was no error in the admission of paroi proof in addition to the written agreement, and as the testimony of the plaintiff fell, her construction of the entire contract received the acquiescence of one of the defendants. She says she called on ffieman and requested him to take back the unsold stock, transfer the agency and refund to her the money she had paid, and he said he was perfectly willing to do so. It is true this was denied by Meman, but the jury may have found it true.
We find no error in the case and the judgment should be affirmed with costs.
Barnard and Pratt, JJ., concur.